UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In re: | ) | |
| MALCOLM SWASEY, | ) | Chapter 7 |
|     *Debtor* | ) | Case No. 11-20627 (JNF) |

DEBTOR'S LIMITED OBJECTION TO TRENWICK AMERICA
REINSURANCE CORPORATION AND UNUM LIFE INSURANCE COMPANY OF
AMERICA'S MOTION TO CONDUCT BANKRUPTCY RULE 2004 EXAMINATIONS

COMES NOW Malcolm Swasey ("Debtor"), by and through counsel, and moves this Honorable Court to deny, in part, Trenwick America Reinsurance Corporation and Unum Life Insurance Company of America's Motion to Conduct Bankruptcy Rule 2004 Examinations. In support whereof, the Debtor states as follows:

1. On March 5, 2012, Trenwick America Reinsurance Corporation and Unum Life Insurance Company of America ("Creditors") filed a Motion to Conduct Bankruptcy Rule 2004 Examinations.

2. Debtor objects, in part, to the following portions of Creditors' motion:

    a. **Malcolm Swasey:** Creditors request that Debtor appear for an examination in Boston "within 30 days of the entry of an Order granting Movant's motion…" and that Debtor "produce for copying and inspection the documents identified on Exhibit A hereto within 15 days…" Debtor is currently undergoing clinical treatment. Therefore, Debtor requests that no examination or production of documents be scheduled prior to sixty (60) days after an Order is entered by this Court. Debtor further requests that any examination be limited to one business day as Creditors have already deposed Debtor for three days during the District Court case.

    b. **IRC-OHU:** Debtor objects to Creditors' request for the production of financial documents over a ten-year period as the request is overbroad and burdensome. Debtor, additionally, believes, and therefore avers, that a majority of the requested documents are not relevant to the current proceeding. Debtor proposes that the documents Creditors seek be limited in time to the last three years. Further, to the extent that Debtor is the only officer of IRC-OHU, Debtor should only be subjected

1

to one examination. Therefore, Debtor requests that Creditors combine the examination of Debtor, individually, and Debtor, as sole officer of IRC-OHU, into one day.

c. **Eastern Bank:** Debtor objects to Creditors' request for the production of bank documents over a ten-year period as the request is overbroad and burdensome. Debtor, additionally, believes, and therefore avers, that a majority of the requested documents are not relevant to the current proceeding. Debtor proposes that the documents Creditors seek be limited in time to the last three years. Should Eastern Bank be required to produce such documents, Debtor requests that the Court direct Creditors to pay for any costs related to production, and provide Debtor with copies.

d. **UBS:** Debtor objects to Creditors' request for the production of documents over a ten-year period as the request is overbroad and burdensome. Debtor, additionally, believes, and therefore avers, that a majority of the requested documents are not relevant to the current proceeding. Debtor proposes that the documents Creditors seek be limited in time to the last three years. Should UBS be required to produce such documents, Debtor requests that the Court direct Creditors to pay for any costs related to production, and provide Debtor with copies.

e. **Bowditch & Dewey:** Debtor objects to the production of "(1) documents reflecting all payments to Bowditch & Dewey by or on behalf of the Debtor and the source of the payments; (2) documents reflecting all payments of Bowditch & Dewey's invoices in connection with its defense of the District Court action, showing the date, amount and source of each payment…" to the extent that certain portions are subject to attorney-client privilege and work product privilege. Information listed or associated with an attorney billing invoice that "…also reveal the motive of the client in seeking representation, litigation strategy or the specific nature of the services provided are privileged." First Choice Armor & Equipment, Inc. v. Toyobo America, Inc., 273 F.R.D. 360, 362 (2011). Debtor requests that any document produced in connection with Debtor's payment for services may be properly redacted at the Creditors' cost to eliminate privileged material, and that Creditors provide copies to Debtor.

WHEREFORE, the Debtor prays that this Court deny Creditors' Motion to Conduct Bankruptcy Rule 2004 Examinations in part.

                                                    Malcolm C. Swasey,
                                                    By his counsel,

Date: March 12, 2012                                        /s/ Ira H. Grolman
                                                            Ira H. Grolman (556709)
                                                            Donahue Grolman & Earle
                                                            321 Columbus Avenue
                                                            Boston, MA 02116
                                                           (617) 859-8966

## CERTIFICATE OF SERVICE

I, Ira H. Grolman, state that on the 12th day of March, 2012, I served a copy of Debtor's Limited Objection to Trenwick America Reinsurance Corporation and Unum Life Insurance Company of America's Motion to Conduct Bankruptcy Rule 2004 Examinations by CM/ECF on the following participants:

    Gary W. Cruickshank, Esq.
    21 Custom House Street, Suite 920
    Boston, MA 02110

    John Fitzgerald
    Assistant U.S. Trustee
    John W. McCormack Post Office and Courthouse
    5 Post Office Square, Suite 1000
    Boston, MA 02109

    Martin A. Mooney
    DEILY, MOONEY & GLASTETTER, LLP
    8 Thurlow Terrace
    Albany, NY 12203-1006

    Michael Cahalane, Esq.
    Cetrulo & Capone, LLP
    Two Seaport Lane, 10th Fl.
    Boston, MA 02210

And I served the referenced document via first-class mail, postage prepaid to:

Christopher P. Anton, Esq.
BUDD LARNER
150 John F. Kennedy Parkway
Short Hills, NJ 07078

Jeffrey S. Leonard, Esq.
BUDD LARNER
150 John F. Kennedy Parkway
Short Hills, NJ 07078

American Express Bank FSB
c/o Becket and Lee LLP
POB 3001
Malvern, PA 19355-0701

GE Capital Retail Bank
c/o Recovery Management Systems Corp.
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605
Attn: Ramesh Singh

Michael P. Angelini, Esq.
Bowditch & Dewey, LLP
311 Main Street
Worcester, MA 01615

Eastern Bank
112 Market Street
Lynn, MA 01901

Joseph Cifuni
4 Rosemarie Lane
Georgetown, MA 01833

UBS
1285 Avenue of the Americas
New York, NY 10019

Loring Swasey
UBS Wealth Management
Sager Swasey Group
299 Park Avenue
25th Floor
New York, NY 10171

IRC-OHU Management Company, Inc.
c/o Malcolm C. Swasey, its officer and Registered Agent
69 Harbor Street
Manchester, MA 01944

Denise Swasey
69 Harbor Street
Manchester, MA 01944

/s/Ira H. Grolman (556709)
Donahue & Grolman
321 Columbus Avenue
Boston, MA 02116
(617) 859-8966
grolman@d-and-g.com